**Lumus ROSE, Libellant,**

v.

**BLOOMFIELD STEAMSHIP COMPANY,**
**Respondent.**
**No. 3514.**

United States District Court
E. D. Louisiana,
New Orleans Division.
May 27, 1958.

Dodd, Hirsch, Barker & Meunier, Harold J. Lamy, New Orleans, La., for libellant.

Lemle & Kelleher, Charles E. Lugenbuhl, New Orleans, La., for respondent.

J. SKELLY WRIGHT, District Judge.

On January 21, 1958, Lumus Rose was signed on the S. S. Margaret Brown under foreign articles as a messman at a base salary of $259.52 a month. On the early morning of January 23, 1958 while on shore leave, Rose was struck by a taxicab when he was running to catch a streetcar. Initially respondent, the owner of the S. S. Margaret Brown, had refused to pay Rose his wages to the end of the voyage and his maintenance on the ground that Rose was drunk at the time of his accident. After hearing the evidence, respondent has now apparently abandoned that defense and maintains that Rose received no injuries in the accident which would have precluded him from joining his vessel which departed New Orleans the following day, January 24, 1958.

■ Respondent's reliance on the drunkenness defense stems from the fact that the police report of the accident shows a check mark outside the printed legend "Obviously Drunk" in referring to the condition of Rose at the time of the accident. The police officer who filed the report, however, testified that by checking "Obviously Drunk" on the report, he intended to indicate only that Rose had been drinking at the time of the accident, that it was police practice to check "Obviously Drunk" whenever a participant in an accident showed signs of drinking prior thereto. Rose admitted drinking three beers prior to the accident and the testimony of all the witnesses, including the police, the doctor who came with the ambulance, a representative of the taxi company, the taxi driver and a newspaper boy who was standing on the corner talking with Rose prior to his dash to the streetcar, is to the effect that Rose was not drunk at the time of his accident. There is no evidence whatever to support the suggestion that drunkenness on the part of Rose caused the accident and his consequent injuries.

■ Respondent suggests, admitting that Rose was not drunk at the time of the accident, that his injuries resulted from his own gross negligence in running across the main thoroughfare in the city of New Orleans without looking in the direction of traffic to see if anything was coming. Without attempting to assay fault in connection with the accident, it is sufficient to state that even gross fault on the part of Rose proximately causing his injuries will not defeat his right to his wages and maintenance. Warren v. United States, 340 U.S. 523, 71 S.Ct. 432, 95 L.Ed. 503; Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850.

The evidence shows that Rose was knocked ten to twelve feet in the air when struck by the taxi. He was taken to the Charity Hospital in New Orleans in an ambulance where he was treated for minor injuries and from which he was released within a few hours. He returned to his home in New Orleans where he rested for several days before

calling at the downtown office of respondent company. There he was paid two days' wages and told how to get to the Marine Hospital. He was refused admittance to the Marine Hospital because he failed to present a certificate from the master of his vessel and for the further reason that he had not been a seaman for sixty days. He thereupon went back to Charity Hospital in New Orleans where he received outpatient treatment for injuries resulting from the accident. He was discharged from treatment by the Charity Hospital on March 18, 1958. He contends, however, that the effect of his injuries has continued and that even at the present time he experiences difficulty in stooping.

 Since his injuries did not result from his own willful conduct, Lumus Rose is entitled to unearned wages to the end of the voyage and to maintenance at $8 per day up to the time he reached maximum cure, which in this case is found to be March 18, 1958, the day on which he was discharged from the hospital. Farrell v. United States, supra; Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107.

Decree accordingly.